In the Matter of CASTLE HILL BEACH CLUB, INC., Petitioner, against WARD B. ARBURY et al., Constituting the New York State Commission Against Discrimination, Respondents.

Supreme Court, Special Term, Bronx County, September 30, 1955.

*Joseph M. Callahan* for petitioner.

*Solomon J. Heifetz* and *Henry Spitz* for respondents.

MARTIN M. FRANK, J. On April 6, 1953, Mrs. Anita Brown filed a duly verified complaint with the State Commission Against Discrimination in substance charging the petitioner herein with an unlawful discriminating practice as defined by the Executive Law (§ 296). The commission processed the complaint by a seriatim compliance with the several procedural steps dictated by the provisions of the Executive Law (§ 297).

After extensive hearings, the proceedings before the commission culminated on December 28, 1954, with the issuance, filing and service of a final order, together with findings of fact, conclusions of law, decision and order, and the majority and dissenting opinions.

Thereafter and on February 15, 1955, an application to vacate the commission's order made by the petitioner herein and a cross motion by the agency to enforce its order were argued and submitted to this court.

On June 24, 1955, the decision and short-form order of this court denying petitioner's motion to vacate and granting the commission's motion to enforce were signed and filed. (208 Misc. 35.)

On July 11, 1955, a long-form order submitted on notice in compliance with the order of June 24, 1955, was signed. It was filed and entered in the office of the County Clerk on the following day.

On July 21, 1955, the original complainant, Mrs. Anita Brown, commenced an action in the Municipal Court of the City of New York against Castle Hill Beach Club, Inc., the petitioner herein, to recover the sum of $500 for its alleged violation of sections 40 and 41 of the Civil Rights Law.

On August 3, 1955, the petitioner was served with a certified copy of the order of this court with notice of entry.

From the papers submitted, the foregoing factual chronology is not in dispute.

Castle Hill Beach Club, Inc. now moves to vacate the order of the commission dated December 28, 1954, and the enforcement order of this court dated July 11, 1955. It is contended that the commencement of the Municipal Court action by Mrs. Brown has ousted the commission and this court of jurisdiction by virtue of

Executive Law (§ 300). Alternatively, petitioner seeks to vacate the orders hereinabove mentioned and to remit the proceedings to the agency for the purpose of adducing additional and material evidence.

The relief sought will be considered in inverse order. The Executive Law (§ 298, as amd. by L. 1952, ch. 285, § 7) provides in part that " Any party may move the court to remit the case to the commission in the interests of justice for the purpose of adducing additional specified and material evidence and seeking findings thereon, provided he shows reasonable grounds for the failure to adduce such evidence before the commission."

The allegations with respect to the commencement of the Municipal Court action by Mrs. Brown against the petitioner are the only " additional specified and material evidence " contained in the moving papers. Obviously, proof of the pendency of that action commenced on July 21, 1955, could not have been adduced before the commission which concluded its hearings on February 10, 1954, and filed and served its order on December 28, 1954.

While the commission in its answer to the petition denies upon information and belief the allegations concerning the commencement and pendency of the Municipal Court action, it admits these facts in its brief as it did upon the argument of this motion.

This branch of the application is denied. No useful purpose can be served by a remission to establish an admitted fact. Especially is this so when the purpose is to put in issue the jurisdiction of the commission since the court may and will determine that question.

We can find no reported case involving article 15 of the Executive Law in which the precise point was considered. By analogy, however, it would seem that decisions affecting the State Relations Board would apply. The Appellate Division of this department (*Matter of New York State Labor Relations Board* v. *Timen*, 264 App. Div. 120), citing the rule adopted by the United States Supreme Court and indicating its intention to follow it, stated (p. 122) : " The Federal courts in construing the National Labor Relations Act have consistently refused to recognize any change in circumstances after an order is made as either affecting the validity of the Board's order or justifying reopening of the proceeding."

The petitioner relies principally upon section 300 of the Executive Law for the relief which it here seeks. That section provides as follows: " § 300. *Construction.* The provisions of this article shall be construed liberally for the accomplishment of the purposes thereof. Nothing contained in this article shall

be deemed to repeal any of the provisions of the civil rights law or any other law of this state relating to discrimination because of race, creed, color or national origin; but, as to acts declared unlawful by section two hundred ninety-six of this article, the procedure herein provided shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned. If such individual institutes any action based on such grievance without resorting to the procedure provided in this article, he may not subsequently resort to the procedure herein.''

The movant in an exhaustive and erudite memorandum asserts that '' the last sentence of Section 300 is controlling here '' and concludes therefrom that the institution of the Municipal Court action ousts this court and the commission of jurisdiction over this proceeding.

This court cannot so interpret the section nor so conclude from the facts. As we view it, the statutory scheme in creating the commission was to give to a person aggrieved the right of election to proceed either pursuant to the Executive Law before the commission or by a plenary civil or criminal action for a violation of the Civil Rights Law, but not both. Thus section 300 provides (1) that during pendency of a proceeding before the commission, it shall be the exclusive remedy, (2) a final determination bars resort to any other forum. Conversely the last sentence bars complaint or action therein by the commission *subsequent* to the institution of a plenary action.

We are, therefore, constrained to hold that whether the instant proceedings are to be deemed concluded or still pending when the complainant commenced her action in the Municipal Court presents no vital issue. In either situation, the commission would have sole jurisdiction and could not be ousted therefrom by the subsequent institution of the plenary action. Whether the Municipal Court action is barred by the complaint filed with the commission by Mrs. Brown and the procedure followed thereafter need not be determined on this application.

The petition is dismissed and the motion denied. Settle order.