Jacob Markowitz, J.
The decision herein dated July 31, 1967, granting the petition on default is on consent recalled and the matter disposed of on the merits.
Petitioners in this article 78 proceeding seek to enjoin the New York City Commission on Human Bights (“CCHR”) from taking any further action on a claim filed with it by one Gloria Rettig, on the ground that such action is barred by reason of an earlier adjudication by the State Commission for Human Bights (“SCHR”) dismissing the same claim by the same claimant.
The claimant filed a formal complaint with SCHB alleging that the present petitioners were guilty of discriminatory practices as set forth in paragraph (a) of subdivision 1 of section 296 of the Executive Law, to wit: discharging complainant from her employment because of her creed. SCHB appointed a hearing commissioner who conducted an investigation and issued a “ Determination and Order After Investigation” holding that there was no probable cause to credit the allegations of the complaint.
Complainant then filed an appeal with SCHB for a review of the determination dismissing her complaint, and a hearing was scheduled. At the inception of the hearing, however, her attorney attempted to withdraw the charges of discrimination on the grounds that it was impossible for his client to obtain an impartial hearing before SCIIB. The minutes of the abortive hearing seem to indicate that the SCHB representative presiding, treated the statement as a withdrawal of the appeal.
On the same day, complainant filed an identical complaint with CCHE based upon the same information presented to the State Commission. Although advised by the instant petitioners that the identical complaint had been investigated and dismissed *24 by SCHB, CCHB chose to conduct its investigation, and has made a determination that probable cause exists and has set the matter down for a hearing.
The questions now presented are whether claimant had any right to make seriatim applications, and whether CCHB, in view of the determination made by SCHB, had jurisdiction to act thereon.
The legislative history of these two administrative tribunals is pertinent. Article 15 of the Executive LaAV comprises the most recent complete amended statutory bases for the State Commission for Human Bights, whose activities date back to the Executive Luav of 1909. While a Commission on Human Bights was established in the City of New York in 1955, its powers and duties were limited largely to investigative and reporting functions (see Administrative Code of City of New York, §§ B1-1.0-B 1-6.0).
In 1963, article 12-D was added to the General Municipal Law, which essentially granted the governing board of any county, city, village or town the authority to create a commission on human rights. Accordingly, in 1965, the Administrative Code of the City of Nbav York was expanded to parallel the provisions of article 15 of the Executive Luav, so that the functions of both SCHB and CCHB Avere, in effect, co-extensive. Section 239-s of the General Municipal Law expressly provides that, in relation to matters within the City of New York, the jurisdiction of CCHB is to be concurrent with that of SCHB.
Section 300 of the Executive Luav provides as follows, however : 11 The provisions of this article shall be construed liberally for the accomplishment of the purposes thereof. Nothing-contained in this article shall be deemed to repeal any of the provisions of the civil rights law or any other laAV of this state relating to discrimination because of race, creed, color or national origin; but, as to acts declared unlawful by section two hundred ninety-six of this article, the procedure herein provided shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned. If such individual institutes any action based on such grievance without resorting to the procedure provided in this article, he may not subsequently resort to the procedure herein.” (Emphasis supplied).
Section Bl-11.0 of, the Administrative Code of the City of Nbav York contains language substantially identical to section 300 of the Executive Law.
*25 From the papers before the court, it appears that SCHR has taken the position that it is barred, by reason of section Bl-11.0 of the Administrative Code, from consideration of a complaint previously considered by CCHR. It is likewise apparent, by reason of the fact of the instant application, that CCHR takes no similar position with respect to section 300 of the Executive Law insofar as a complaint previously dismissed by SCHR is concerned.
Respondent CCHR’s view to the contrary notwithstanding, the jurisdiction of SCHR appears to be exclusive during pendency of the matter or after final determination, and is a bar to any subsequent action or administrative proceeding on the identical grievance of the individual concerned. This is the clear import of section 300 of the Executive Law which neither CCHR nor any other local commission may ignore. It is unreasonable to infer that the Legislature intended to bestow subsequent jurisdiction upon these commissions in relation to matters within their respective municipalities as an unexpressed by-product of its addition of article 12-D to the General Municipal Law.
On the question as to whether a final determination was rendered by the SCHR, it is clear that the determination made by the SCHR was binding upon complainant, but for her right to administrative review. Had she sought no administrative review, she could not be heard to complain that the determination lacked conclusiveness or finality (see Matter of Holland v. Edwards, 307 N. Y. 38; Matter of Delaney v. Conway, 39 Misc 2d 499). She did seek administrative review, however, and prosecuted it up to the moment of hearing. Had there been a hearing resulting in an affirmance of the order of the investigating commissioner, there clearly would have been a final determination reviewable by the courts. (Executive Law, § 298 ; CPLR, art. 78.) But complainant, at the moment of the hearing, attempted to withdraw her charges and seek redress elsewhere. Her reason therefor, that an adequate remedy was not available before SCHR, was patently untenable (see Gaynor v. Rockefeller, 15 N Y 2d 120, 132). Her purported withdrawal of the complaint before SCIIR at the inception of the hearing was, therefore, ineffective for such purposes (9 NYCRR 465.3 [i]; see, also, Executive Order No. 41, dated June 7, 1957, Robert F. Wagner, Mayor). Moreover, as conceded by respondent CCHR, the failure of complainant and her counsel to participate in the hearing on her appeal effectively constituted an abandonment of the appeal. This had the effect of causing the entire matter to revert to the previous *26 order made therein, that is, the dismissal of her complaint. Accordingly, that order became a “final determination” that there is no probable cause to credit the allegations of her complaint, and a bar to the subsequent action taken here by CCHR (Executive Law, § 300).
While claimant’s forum “shopping” is not condoned and she is relegated to her election of remedies, the court is of the opinion, that since this appears to be a circumstance of first impression, common standards of fairness require that the court exercise its equity powers so that she may bé placed back into a position where she may, if so advised, prosecute her abandoned appeal before the SOHR. It is obvious, that she did not follow through with available remedies in an honest belief that another forum awaited her. A meritorious review of her case should, therefore, not be denied her. Since the SCHR is not a party hereto, however, it is doubtful that this can be achieved at this time. The disposition herein will, therefore, be without prejudice to an application by her to be restored to the position she was at prior to her withdrawal of the State proceeding, including the prosecution of the appeal and availing herself of any other procedure in connection with her original application. Petition granted.