In the Matter of STATE DIVISION OF HUMAN RIGHTS, Petitioner, *v.* LILLIAN J. BYSTRICKY, Respondent.

Third Department, April 19, 1971.

*Henry Spitz* and *Harry Starr* for petitioner.

*Lillian J. Bystricky,* respondent in person.

SWEENEY, J. This is a proceeding initiated in the Appellate Division of the Supreme Court, Third Judicial Department, pursuant to section 298 of the Executive Law, to enforce an order of the Human Rights Appeal Board, dated July 24, 1970.

The Human Rights Appeal Board has affirmed a determination of the Commissioner of Human Rights ruling that respondent is guilty of an unlawful discriminatory practice in refusing to sell her property to complainant Herbert Watkins and his wife because of their color. The board, however, reduced the damages imposed from $2,500 to $1,000 which includes a $200 deposit.

The testimony at the hearing revealed that a realtor brought complainant and respondent together for the purpose of the sale of respondent's property to the complainant. Subsequent thereto respondent agreed in writing to sell to complainant and accepted a deposit of $200. The date for the closing was agreed upon. Just prior to the closing date respondent advised complainant that she had changed her mind and refused to go through with the sale. Respondent contends, and so testified, that the reason she changed her mind was her inability to find suitable quarters for herself and children. Neither party sought judicial review of the board's order within the 30-day period as prescribed by the statute. On this enforcement order proceeding brought by the division, respondent urges this court to examine its merits.

The first question presented for our determination is whether we may properly consider the merits of the order seeking enforcement where no appeal was taken by respondent for a judicial review of the finding of discrimination. Being mindful of the purpose and nature of this recently enacted legislation, we con-

clude that we may. The language of the statute is broad and it confers ample authority on this court to scrutinize an order on which we are to place our stamp of approval. (*Matter of Hempstead Volunteer Fire Dept.* v. *New York State Div. of Human Rights*, 35 A D 2d 601; *Matter of Moskal* v. *New York State Div. of Human Rights*, 36 A D 2d 46.)

As to the merits, complainant has the burden of establishing by substantial evidence that the sole reason respondent refused to sell her property to him was because he was black. In our opinion, an examination of the record in its entirety reveals that complainant has failed to meet this burden. It is most significant that prior to the signing of the sale agreement and accepting the deposit, respondent knew complainant was black. There is also testimony that the respondent's neighbors made no objection to complainant because he was black. The record merely establishes that complainant is black and respondent refused to sell him her property. To meet the standard of substantial evidence it must further appear that the reason for the refusal was because he was black. This the present record fails to do. Consequently, the order of enforcement must be denied. If complainant has been wronged by respondent he has an adequate remedy. The record reveals that complainant had, as a matter of fact, filed an action in Supreme Court for specific performance prior to the filing of his complaint against respondent with the division. Whether such an action is a bar to his proceeding before the division, we do not determine since it was not raised. (See Executive Law, § 297, subd. 9; § 300.)

The application should be denied, and petition dismissed, without costs.

REYNOLDS, J. (concurring.) This application of the State Division of Human Rights for an order enforcing an order of the Human Rights Appeal Board of July 24, 1970, and requiring the respondent to comply with the directives therein contained should be denied and the petition dismissed. The findings and order of the Commissioner of Human Rights as modified and affirmed by the State Human Rights Appeal Board are startling and shocking. There is not a scintilla of evidence, let alone substantial evidence in the record, which even suggests that the respondent refused to sell her property to complainant because of his color. In fact the undisputed proof is she actually signed a contract of sale knowing complainant's color and then later refused to close because she could not find another suitable place, and to go through with the deal would result in putting this unfortunate woman and her four children into the street. True,

complainant has a cause of action for damages which this respondent must face for the breach. He had started an action in Supreme Court for the damages previous to the instant proceeding which is still pending and has notified respondent that he no longer desired to purchase her home. That is his proper forum and remedy. This case never should have been before the Commissioner of Human Rights and is an excellent example to support the necessity of the position of the Appellate Division, Second Department, when it stated in *Matter of Hempstead Volunteer Fire Dept.* v. *New York State Div. of Human Rights* (35 A D 2d 601): "We have considered the merits of the Division of Human Rights' order even though it has argued that petitioners did not timely file their petition and notice seeking review and that they are therefore barred from collaterally attacking the cross motion to enforce its order. We do not think that the 30-day statutory period of limitation in section 298 of the Executive Law was intended to mean that we are without jurisdiction to examine the merits of the division's order when the division seeks from us affirmative court action in the form of an enforcement order." I agree with the above statement of the Appellate Division, Second Department. We should not be compelled and I am sure the Legislature did not intend that we should issue an enforcement order without the power to review the merits in these cases. Both parties in these Human Rights cases are entitled to justice. This respondent did not remotely receive it. Additionally, complainant was barred from filing a complaint with respect to a grievance under section 297 of the Executive Law since he had initiated an action in a court of competent jurisdiction for the same grievance. Therefore, under the law, the State Division of Human Rights had no jurisdiction (Executive Law, § 297, subd. 9; § 300).

SIMONS, J. (dissenting). Section 297 of the Executive Law provides substantial procedural rights to those accused of unlawful discrimination. Aside from the "conference, conciliation and persuasion" procedures, there is resort to a formal hearing and an administrative appeal. During all of this, a party may be represented by counsel, as this respondent was, and following that a proceeding to review may, within 30 days after service of the board's order, be initiated in the Appellate Division, and its decision is reviewable by the Court of Appeals. (Executive Law, § 298.) This seems adequate protection to aggrieved parties without allowing a court to review the merits of a charge any time enforcement is sought.

Mrs. Bystricky's problem arises from the fact that, for whatever reason, she rested upon the decision of the Human Rights Appeal Board without pursuing her right of review in the courts. She paid part of the fine and apparently accepted the result. Only when she defaulted in payment and this entirely new special proceeding for enforcement was initiated did respondent object. Even then she did not answer the petition, but sent a letter setting forth in detail her personal troubles. Mrs. Bystricky does not state whether she claims to have made payment in full, or whether she has made arrangements to pay in full or she is unable to pay. Furthermore, she does not specifically object to the findings and conclusions contained in the board's order.

It is proper in a *de novo* special proceeding for enforcement of an order of the Human Rights Appeal Board that the court should inquire whether there has been a default by respondent in complying with the board's order and the legal propriety of the penalty imposed, but, absent a timely proceeding to review the board's order as required by section 298 of the Executive Law, that is all that should be examined at this time. The record should not be opened now to readjudicate the merits of the controversy. This view is consistent with the holding of this court in *Matter of State Div. of Human Rights* v. *Merante* (35 A D 2d 652) and of the First Department in *Matter of State Div. of Human Rights* v. *Employers-Commercial Union Ins. Group* (33 A D 2d 273, 274).

The opinions of the majority support their position that the respondent is now entitled to review on the merits by citing *Matter of Hempstead Volunteer Fire Dept.* v. *New York State Div. of Human Rights* (35 A D 2d 601) and *Matter of Moskal* v. *State of New York Div. of Human Rights* (36 A D 2d 46). These two cases contain only the flat statement, *ipse dixit*, that such a review is proper under the circumstances. I do not know of any legal justification for it. Certainly, none of the cases offers any. The general rule that a proceeding against a body or officer is untimely if it is not commenced within the time period provided in the law authorizing such proceeding applies here. (CPLR 217; see *Matter of Smith Co.* v. *Ingraham*, 32 A D 2d 188.) A failure to initiate the petition for review within the 30-day period provided is a jurisdictional requirement. It is not unlike the well-established rules that hold that the failure to take an appeal within the statutory time prescribed is a jurisdictional defect (*Ocean Acc. & Guar. Corp.* v. *Otis Elevator Co.*, 291 N. Y. 254), and that collateral attack upon a judgment or determination may

be made only on the basis of lack of jurisdiction of the subject matter or the person (9 Carmody-Wait 2d, New York Practice, § 63:165).

I take it the rule now is that we will not review absent timely proceedings except in cases involving the Human Rights Appeal Board. It is to be inferred that the justification for such a rule is some judicial dubiety about the even-handedness of the Human Rights Appeal Board, which calls for a thorough examination of its decisions whenever and for whatever reason requested. This, of course, is a subjective judgment, not a legal one. Surely, no one would argue that the same procedure exists with respect to determinations involving other administrative agencies. We have recently reaffirmed the principle of judicial restraint in matters involving administrative determinations, even when constitutional questions are raised. (*New York Tel. Co.* v. *Public Service Comm.*, 36 A D 2d 261 [decided herewith].) It is impossible to reconcile the philosophy of that case with the holding of the majority here.

The only troubling legal aspect of this case for me is that the record contains a stipulation that a specific performance action was commenced between the parties before the complaint was filed with the division. The status of that action now is unknown although the complainant no longer wishes to buy the property.

The provisions of Executive Law (§ 297, subd. 9; § 300) seem clear enough, at least to the extent that a complainant must elect his remedy and may not be entitled to a double recovery. When a complaint is pending before the Division of Human Rights, an outside action on the same grievance may not be instituted by the parties. (*Matter of Castle Hill Beach Club* v. *Arbury*, 208 Misc. 622, mod. on other grounds 1 A D 2d 943, 950, rearg. den. 2 A D 2d 664, affd. 2 N Y 2d 596; *Gaynor* v. *Rockefeller*, 21 A D 2d 92, 97, affd. 15 N Y 2d 120.) It is not so clear that the division is ousted of jurisdiction by the statute when some other remedy is pursued prior to the filing of a complaint. (*Cluett, Peabody & Co.* v. *New York State Division of Human Rights*, 59 Misc 2d 536; *Matter of Bronx Eye & Ear Infirmary* v. *New York City Comm. on Human Rights*, 55 Misc 2d 22; and see, also, *Matter of Kamper* v. *Department of State of State of N. Y.*, 26 A D 2d 697, affd. 22 N Y 2d 690; *Neidich* v. *State Comm. for Human Rights*, 53 Misc 2d 984; 16 Stanford L. Rev., 849, 874.) While the exact issue presented here was not ruled upon in any of those cases, it is significant that none of them denied relief by the commission or its successor, the division. The argument that the division lacked jurisdiction was not estab-

lished in the record, was not raised by respondent at the hearing, on appeal to the board, or before the court. It should not become the basis of a decision in the case. (*Matter of Holland* v. *Edwards,* 307 N. Y. 38, 46.)

Since the respondent has paid part of the fine and there is no evidence that it is excessive, I would grant the application.

HERLIHY, P. J., and STALEY, JR., J., concur with SWEENEY, J.; REYNOLDS, J., concurs in a separate opinion; SIMONS, J., dissents, and votes to grant the application, in an opinion.

Application denied, and petition dismissed, without costs.