■ In the Matter of MIGDAD M. JWAYYED, Petitioner, v. NEW YORK TELEPHONE COMPANY et al., Respondents.— Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board dated January 9, 1973, which affirmed an order of the State Division of Human Rights dated April 25, 1972, dismissing petitioner's complaint for lack of probable cause. Petitioner, an employee of the New York Telephone Company, filed a complaint with the State Division of Human Rights alleging that he had been subjected to discriminating treatment, and had been demoted because of his national origin. After a lengthy investigation, the division determined that complainant was demoted because of his substandard work performance; that there was no probable cause to believe that the respondents engaged in or were engaging in the unlawful discriminatory practice complained of; that the respondents gave complainant the same terms, conditions, and privileges of employment which were given to other employees, and ordered the complaint dismissed. The State Human Rights Appeal Board, after considering the written statement, oral argument by the complainant, and review of the record, affirmed the division's order. In this proceeding, petitioner contends that he should have been given a formal hearing at the division level, whereat he would have had the opportunity to question and cross-examine employees of the company to develop the evidence in support of his complaint, and that such a hearing, not having been afforded him, the order of dismissal should be reversed. Subdivision 2 of section 297 of the Executive Law imposes upon the division,

within 15 days after the filing of a complaint, the responsibility of ascertaining " whether there is probable cause to believe that the person named in the complaint * * * has engaged in or is engaging in an unlawful discriminatory practice", and the further duty of dismissing the complaint in the event that it finds that probable cause does not exist. At this stage of the proceedings, the Legislature did not contemplate a formal hearing. The legislative intent is found in section 4(a) which provides for a notice of hearing within 60 days after a complaint is filed in the event probable cause is found to exist. Where, as in the instant case, the record establishes that the action of the division in dismissing the complaint was not arbitrary, capricious and constituted a proper exercise of administrative discretion, a formal hearing is not required. (*Matter of New York Tel. Co.* v. *Wethers*, 36 A D 2d 541, affd. 30 N Y 2d 791.) The case of *Mayo* v. *Hopeman Lbr. & Mfg. Co.* (33 A D 2d 310, mot. for lv. to app. dsmd. 26 N Y 2d 962) is not to the contrary. In that case, the court did not determine that a formal hearing is required in all cases, but merely determined that based on the record in the case before it, the division's dismissal was arbitrary, capricious and clearly an unwarranted exercise of discretion. The determination of the Appeal Board must, therefore, be confirmed. Determination confirmed and petition dismissed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.