■ JENNIE MAZZEO et al., Appellants, v. ANTOINETTE MARRONE et al., Respondents.— Judgment of the Supreme Court, Nassau County, entered June 13, 1974, upon a jury verdict, affirmed as to defendants Antoinette Marrone (sued as Antonette Marrone) and Rose Russo, with costs to defendant Antoinette Marrone against appellants. No opinion. Appeal as to defendant Marco Passaro dismissed, without costs, and without prejudice to such further proceedings as to him as the parties may be advised. It appears from the trial transcript that defendant Marco Passaro was deceased at the time of the trial. There is no indication in the record that an executor or administrator of his estate was substituted as a party defendant. "Under the circumstances, the judgment as to him is a nullity and the plaintiffs' appeal from the judgment, insofar as it relates to him, must be dismissed" (*Goldbard v. Kirchik*, 20 A D 2d 725; *Tracy* v. *Ludwig*, 44 A D 2d 832). Shapiro, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of WILLIAM ZACCHI, Respondent, v. ROBERT F. SAVITT, as Superintendent of Schools of the Central School District No. 4, Town of Oyster Bay, Plainview-Old Bethpage School District, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to annul a determination, made after a hearing, that petitioner, an employee of the appellant school district, had participated in a strike and docking him therefor, the appeal is from a judgment of the Supreme Court, Nassau County, entered August 6, 1973, which granted the application and directed that petitioner be reimbursed for moneys withheld from his salary. Judgment affirmed, with costs. The issue in this proceeding was whether the determination under review was supported by substantial evidence. Since this issue is specified in Question 4 of CPLR 7803, Special Term should not have decided it, but instead should have transferred the proceeding directly to this court (CPLR 7804, subd. [g]). However, we have reviewed the record of the hearing and conclude that the presumption arising under section 210 (subd. 2, par. [b]) of the Civil Service Law that petitioner was absent from work on the days in question *without permission* was amply refuted by him. There was absolutely no evidence offered to the contrary. Hence the determination under review was arbitrary and capricious and was properly annulled. Martuscello, Acting P. J., Shapiro, Christ, Benjamin and Munder, JJ., concur.