■ In the Matter of SANDRA ANDREUCCI, Appellant, v WILLIAM A. KINZLER, as Superintendent of Schools of the Farmingdale Public Schools, Union Free School District No. 22, Towns of Oyster Bay and Babylon, Farmingdale, et al., Respondents. (And 38 Other Titles.)—Consolidated proceedings pursuant to CPLR article 78 to review determinations, made after hearings, that petitioners had participated in a strike and directing that deductions be made from their salaries therefor. Determinations confirmed and proceedings dismissed on the merits, without costs or disbursements. The determination of respondents that a strike did in fact take place is supported by substantial evidence on the record taken as a whole. Respondents properly relied on findings of fact made by the Public Employment Relations Board and its hearing officer in connection with the abnormally high absence rate of teachers on the days in question (see *Matter of Farmingdale Classroom Teachers Assn.,* 6 PERB 3036; *Matter of Farmingdale Classroom Teachers Assn.,* 6 PERB 8001), and, in view of all the circumstances, it appears that a strike did indeed take place. The respondent hearing officer properly concluded that none of the petitioners adduced sufficient evidence to refute the statutory presumption against them (see Civil Service Law, § 210, subd 2, par [b]). Petitioners' reliance on *Matter of Zacchi v Savitt* (NYLJ, July 6, 1973, p 13, col 5, affd 46 AD2d 788) is misplaced since the employee therein had "amply refuted" the statutory presumption against him. Absent the submission of such sufficient evidence, there is no burden on the employer to offer evidence to the contrary. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.

■ In the Matter of ALVIN BENJAMIN et al., Respondents, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Appellants.—In consolidated tax certiorari proceedings pursuant to article 7 of the Real Property Tax Law, respondents appeal from a judgment of the Supreme Court, Nassau County, entered November 14, 1975, which, after a nonjury trial, *inter alia,* reduced the assessed valuation on the subject property for the tax years under review. Judgment affirmed with costs, upon the opinion of Mr. Justice Meade at Special Term. Hopkins, Acting P. J., Margett, Rabin, Shapiro and Hawkins, JJ., concur.

■ In the Matter of JOHN CHIARELLO, Appellant, v LEON J. VINCENT, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to relocate petitioner to a certain cellblock within the facility in order to alleviate his respiratory condition, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated March 13, 1975, which, after a hearing, dismissed the petition. Judgment modified, on the facts, by deleting therefrom the provision dismissing the petition and by substituting therefor provisions (1) denying petitioner's request that he be relocated to J-block and (2) requiring respondent to reoffer petitioner a transfer to E-block or F-block. As so modified, judgment affirmed, without costs or disbursements. Petitioner has been offered a transfer to E-block and F-block, each of which, in accordance with the physicians' recommendations, provides more distance from a radiator than does his present cell location. Petitioner's assertion that only J-block, an honor and minimum security block, provides conditions which will alleviate his condition, was not substantiated. Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.