Memorandum. The Appellate Division order should be affirmed.
Petitioner, a Black, asserts that respondent’s employment policy of temporarily suspending certain employees who are arrested for serious crimes constitutes an unlawful discriminatory practice because statistical evidence establishes that Blacks are more likely to be arrested than whites. We find the argument unavailing. Were it true that respondent’s policy was self-executing upon arrest, the claim arguably might have merit (see State Div. of Human Rights v Kilian Mfg. Corp., 35 NY2d 201; cf. Griggs v Duke Power Co., 401 US 424; Gregory v Litton Systems, 472 F2d 631; Carter v Gallagher, 452 F2d 315). However, the fact is that respondent expressly and specifically tailored its suspension policy to the individual case. Thus, the essential and distinguishing factor between the case at bar and those above cited is that the arrest here only triggered the invocation of the suspension process; and it was not determinative of its outcome. There is no claim of discrimination as to the administration or application of the policy.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, without costs, in a memorandum.