■ In the Matter of CAROL E. HERON, Petitioner, v ALBANY LAW SCHOOL OF UNION UNIVERSITY et al., Respondents.—Proceeding, initiated in this court pursuant to section 298 of the Executive Law, to review an order of the State Human Rights Appeal Board, dated January 3, 1977, which affirmed a determination of the State Division of Human Rights dismissing petitioner's complaint against Albany Law School. Petitioner, an unsuccessful applicant for a part-time, temporary, supervisory position in the library of Albany Law School, complained to the New York State Division of Human Rights that she was refused such employment because of her age and sex. A detailed investigation of her complaint was conducted by the division which resulted in a determination and order that there was no probable cause to believe Albany Law School had engaged in or was engaging in an unlawful discriminatory practice. That order was affirmed on appeal to the State Human Rights Appeal Board, and petitioner initiated this proceeding contending there is no substantial evidence to support the board's determination. Although it is clear that Albany Law School desired an employee older than its average student, there is no merit to the assertion that it limited consideration to those over 40 years of age. The source of petitioner's argument concerning this supposed age requirement was a job order drafted by the Labor Department, rather than from any definitive position taken by the employer. We would further note that the person actually hired is 31 years of age, that his coemployees range in age from 22 to 34 years, and that 12 of his 21 coemployees are female. We find nothing to suggest that the order of the division dismissing her complaint was arbitrary or capricious or in any other manner in violation of clearly established standards (Executive Law, § 297-a, subd 7, par e; *Matter of Mize v State Div. of Human Rights,* 33 NY2d 53). Sufficient evidence on the record considered as a whole clearly supports the board's order upholding the finding of no probable cause and, therefore, we must affirm it *(State Div. of Human Rights v Stone & Webster Engr. Corp.,* 52 AD2d 1088; *State Div. of Human Rights v Xerox Corp.,* 49 AD2d 21, affd 39 NY2d 873; *Matter of Jwayyed v New York Tel. Co.,* 42 AD2d 663). Determination confirmed, and

petition dismissed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.