■ In the Matter of JEAN PIXLEY, Petitioner, v RAYMOND CORPORATION et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated May 4, 1977, which affirmed an order of the State Division of Human Rights

dated December 8, 1975, dismissing petitioner's complaint for lack of probable cause. Petitioner was employed by the respondent Raymond Corporation in various jobs. In October, 1974, she was transferred to a different department during a work slowdown. Petitioner alleges in her complaint that she was discriminated against because of her sex in that while her employer was granting to all the male employees the option of a voluntary layoff, she was directed to either accept the transfer to another department or be terminated. It is also claimed by petitioner that she was required to perform her work in a different and more difficult manner than the male employees. Upon the filing of petitioner's complaint with the State Division of Human Rights, a thorough investigation was conducted and the division determined that there was no probable cause to believe that Raymond Corporation had engaged in or was engaged in an unlawful discriminatory practice. The division found that petitioner was offered the option of a voluntary layoff but she refused such option due to the risk that she would not then be eligible for unemployment insurance benefits. The division also found that the male workers were required to perform their work in the same manner as petitioner. The State Human Rights Appeal Board affirmed the division's order and this proceeding ensued. In this proceeding petitioner contends that her complaint should not have been dismissed before she was given a formal hearing and requests that such a hearing now be ordered. After complete examination of the record as a whole, this court is of the opinion that the dismissal of the complaint was not arbitrary, capricious nor an abuse of discretion. Under such circumstances a formal hearing is not required (*Matter of Jwayyed v New York Tel. Co.*, 42 AD2d 663). Since the board's order affirming the division's finding of no probable cause is supported by sufficient evidence on the record considered as a whole, it must be confirmed (*Matter of Heron v Albany Law School of Union Univ.*, 57 AD2d 672; *State Div. of Human Rights v Stone & Webster Engr. Corp.*, 52 AD2d 1088). Determination confirmed, and petition dismissed, with costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.