■ In the Matter of CLAUDE N. PALMER et al., Doing Business as PALMER MOBILE HOMES, INC., et al., Petitioners, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD, Respondent.—Proceedings pursuant to section 298 of the Executive Law to review an order of·the State Human Rights Appeal Board, dated October 25, 1977, modifying, and, as modified, affirming an order of the State Division of Human Rights which determined that petitioners had discriminated against complainant because of his race and color, and a cross motion by the board for an order enforcing petitioners' compliance with its order. The petitioners are and were in the business of selling mobile homes and in connection therewith they both lease and sell lots in their own mobile home park. The complainant, Eddie Merritt, testified that the Palmers withdrew from an agreement to sell him a trailer and refused to sell or lease a lot to him for the reason that he was a Black man. Merritt complained to the Division of Human Rights and, after a determination of jurisdiction and probable cause and unsuccessful conciliation, a hearing was held. The division found that petitioners refused to sell to Merritt because of his color and race, and its decision, save for a modification of the damages awarded, was affirmed by the State Human Rights Appeal Board. In this proceeding, petitioners raise several issues. They point out that when they appeared for the hearing they did not know that the division's counsel would present complainant's case, that, had they known, they would have brought counsel and that they were lulled into believing that counsel was not necessary. Because they were unrepresented, they did not testify, but were informally questioned, and they did cross-examine the complainant and examine the one witness that they presented. In substance, they challenge the procedures followed throughout the investigatory and hearing stages and contend that they were denied due process and equal protection. However, the procedure followed at the hearing, i.e., presentation of the complainant's case by division counsel, is expressly authorized by statute (Executive Law, § 297, subd 4, par a). We find little merit to these contentions. While it is true, as petitioners contend, that the notice of hearing did not indicate the procedure to be followed, this does not constitute a denial of due process. However, petitioners contend further that there is insufficient evidence in the record to support a finding that petitioners discriminated against complainant because he was Black. It must be remembered that in his proceeding under the Executive Law the complainant has the burden of establishing by substantial evidence that the sole reason petitioners refused to sell him the property was that he was Black *(Matter of State Div. of Human Rights v Bystricky,* 36 AD2d 278, 280, affd 30 NY2d

322). Complainant has the burden of proving by substantial evidence the truth of his allegations of unlawful discrimination *(Matter of McGrath v New York State Div. of Human Rights,* 52 AD2d 1027, 1028). We must conclude that complainant has failed to sustain that burden. It is most significant here, as it was in *Bystricky (supra,* p 280), that the petitioner Claude Palmer knew, of course, when he initially contracted with Merritt that he was a Black man and the record shows that Palmer was happy to do business with him. There, as here, the record merely establishes that complainant was Black and that the proposed contract was not carried out. To meet the requirement of substantial evidence it must further appear that the reason for the refusal to carry out the contract was that the complainant was Black. We perceive no such evidence here. To the contrary, the record here provides the basis for a conclusion that complainant was refused for another reason. On the occasion of Merritt's first visit, he was accompanied by a Black woman who Palmer assumed was Mrs. Merritt. On the second and third appearances at the trailer park, Merritt was accompanied by another female. Review of Merritt's own account of the second visit, during which he was accompanied by the white female, establishes a reasonable basis for a conclusion on the part of Palmer that the couple, though unmarried, intended to share the trailer, a practice frowned upon by the petitioners and in contravention of the rules of this mobile home family trailer park. Finally, any conclusion that petitioners were discriminating against Merritt solely because of his race and color is seriously eroded, if not destroyed, by the fact that Black people had resided within the park since as far back as 1972. Hence, it is clear that there is not sufficient evidence on the record considered as a whole to support the board's decision. In view of this holding, we need not reach the damage questions. Order annulled, and petition for enforcement denied, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.