■ In the Matter of B. NEWELL OLSON, Petitioner, v NORWICH PHARMACAL Co., Respondent.—Proceeding instituted in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated November 9, 1977, which affirmed an order of the State Division of Human Rights, dated October 4, 1976, dismissing the petitioner's complaint that he had been discriminated against on account of age. Petitioner was hired by respondent when he was 49 years of age. His position with respondent eventually evolved into one requiring marketing expertise. Respondent terminated petitioner's employment allegedly on the basis of his lack of market expertise. Although respondent offered petitioner another job at a somewhat lower salary, petitioner refused the position and filed a complaint with the State Division of Human Rights

charging respondent with age discrimination. Petitioner was 52 years old at the time of his termination. The division dismissed the complaint on the ground that there was no probable cause to believe that respondent had engaged in or was engaged in an unlawful discriminatory practice. It was found by the division that petitioner was lacking in marketing expertise and that his successor, although younger and without as much formal education as petitioner, had many more years of progressively more responsible experience in sales. The division also found no evidence that petitioner's termination was due to his age. The State Human Rights Appeal Board affirmed the division's order and this proceeding ensued. Petitioner contends that the State Human Rights Appeal Board denied him due process of law in that he was not allowed to present an oral argument to the board. Petitioner was allowed to submit his position to the board in writing. The decision whether or not to allow oral argument is discretionary with the board (Executive Law, § 297-a, subd 6, par d; *Ashley v New York State Human Rights Appeal Bd.,* 60 AD2d 568). We conclude that petitioner was not denied due process of law. Contrary to petitioner's assertions, we are also of the view that, based upon the entire record as a whole, the order of the division was not arbitrary, capricious or an abuse of discretion. There being sufficient evidence, in this court's opinion, to support the board's order upholding the finding of no probable cause, the determination must be confirmed *(Matter of Pixley v Raymond Corp.,* 59 AD2d 979; *Matter of Heron v Albany Law School of Union Univ.,* 57 AD2d 672). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Mikoll, JJ., concur.