■ In the Matter of JAMES C. SPELLER, Respondent, v STATE OF NEW YORK DRUG ABUSE CONTROL COMMISSION, Appellant.—Judgment vacated, determination unanimously confirmed, without costs, and petition dismissed. Memorandum: Respondent State of New York Drug Abuse Control Commission appeals from a judgment at Special Term annulling respondent's determination of January 8, 1976, demoting petitioner from Narcotic Correction Chief Officer to Narcotic Correction Officer as of that date, and ordering his reinstatement with full pay and allowances from January 8, 1976. The record shows that in July, 1975 respondent filed charges of insubordination and incompetency against petitioner and designated a hearing officer to conduct a hearing thereon pursuant to section 75 of the Civil Service Law. Such hearing was held over a period of six days and, when petitioner failed to appear because of illness on the adjourned seventh day, the hearing was closed before completion of evidence on the charge of incompetency. Because the hearing was not completed on the latter charge, the hearing officer recommended that it be dismissed. With respect to the charges of insubordination the hearing officer found that the evidence was sufficient to sustain them. However, he also recommended that petitioner be given a thorough health examination to ascertain whether he has the ability to perform his duties and if it be found that "his illness at the time the [his] acts of insubordination were committed [was the cause thereof], this be taken into consideration. That, should [petitioner] be presently or in the future able to perfrom as Chief NCO, he should be given the chance, if it is found that his behavior was disease connected". The hearing officer further stated: "Should medical findings indicate his inability to work as a Chief NCO then, in that event, [I] would recommend a change in job status in accord with [petitioner's] physical capabilities * * * Dismissal would be indicated if no other satisfactory remedy is at hand". Respondent commission accepted the report of the hearing officer to a large extent. It dismissed the charge of incompetency. It did not direct a further medical examination of petitioner, however, but demoted him to Narcotic Correction Officer as of January 8, 1976. Petitioner instituted this article 78 proceeding for review and annulment of that part of the determination. Special Term entertained the proceeding, vacated the determination insofar as it demoted petitioner, and ordered him reinstated with full pay and allowances. Respondent appeals from that judgment. Since the issue in this proceeding is whether the determination by respondent was supported by substantial evidence, Special Term did not have jurisdiction to entertain it but should have transferred it directly to this court (CPLR 7804, subd [g]; *Matter of Zacchi v Savitt,* 46 AD2d 788). Special Term's judgment is, therefore, vacated and we treat the proceeding as though it were properly transferred to us *(Matter of Hammerl v Maevis,* 41 AD2d 724, affd 34 NY2d 579). There is substantial evidence in the record to support the determination that petitioner was insubordinate; and there is no room for judicial intervention when there is found to be a rational basis for the commission's determination *(Rochester Tel. Corp. v United States,* 307 US 125, 146; *Matter of Stork Rest., v Boland,* 282 NY 256, 273-274). The only question remaining is whether the sanction of demotion was excessive in view of the fact that the commission did not completely follow the recommendation of the hearing officer. The commission was required to give consideration to the hearing officer's recommendation, and the record shows that it did. The commission was not required,

however, to accept the hearing officer's recommendation *(Matter of Simpson v Wolansky,* 38 NY2d 391, 394; *State Div. of Human Rights v Syracuse City Teachers Assn.,* 66 AD2d 56; *Matter of Perry v Blair,* 64 AD2d 870; *Matter of Gristmacher v Felicetta,* 57 AD2d 444, 448). We find that the sanction imposed upon petitioner was not shocking to the conscience or one's sense of justice and fairness, and that it was well within the discretion of respondent commission (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). (Appeal from judgment of Erie Supreme Court—art 78.) Present—Simons, J. P., Hancock, Jr., Schnepp, Witmer and Moule, JJ.