■ In the Matter of SOLOMIE KELLY, Petitioner, v FRED J. BUSCAGLIA, as Commissioner of the Erie County Department of Social Services, et al., Respondents.—Determination unanimously confirmed and petition dismissed without costs. Memorandum: This proceeding pursuant to CPLR 7803 (subd 4) is brought to review a determination of the Commissioner of the State Department of Social Services, after a fair hearing, which affirmed the determination of the Commissioner of the Erie County Department of Social

Services denying petitioner the services of a homemaker. On December 8, 1976 petitioner underwent a modified right radical mastectomy. She was found also to have hypertensive vascular disease and mild diabetes mellitus. These conditions curtailed her ability to perform her occupation as a housekeeper and cook. She was likewise helpless to do rigorous household tasks. On March 4, 1977 her attending physician wrote on a prescription form "Solomie Kelly is physically unable to do heavier tasks of housework and has to employ someone to do housework for her." On March 7, 1977 she applied to the Erie County Department of Social Services for homemaker services. Supplementing her application was a medical form executed by her doctor (April 16, 1977) signifying "NO" to the inquiry "Does patient have a need for * * * housekeeping services". The commissioner denied the request based on "medical form from your doctor stating that you are not currently in need of homemaker services." This determination was affirmed after a fair hearing and is now before us for review. There is no room for judicial intervention where there is found to be a rational basis for the commissioner's determination *(Matter of Speller v State of New York Drug Abuse Control Comm., 67 AD2d 1079)*. The determination, however, must be supported by substantial evidence (CPLR 7803, subd 4). Section 365-a (subd 2, par [d]) of the Social Services Law provides for the services of a homemaker when prescribed by a physician in accordance with a plan of treatment. That the written directive contained on the doctor's prescription blank here may comply with the prescriptive requirement (18 NYCRR 505.14 [a] [1]) does not render the finding herein improper or lacking a rational basis. The record discloses notice of the deficiency to the petitioner and ample opportunity to have the physician rectify any apparent inconsistency or to have another doctor of her choice submit a new form (K-839) on her behalf. It is logical to infer from the failure to cure the defect, if any, or resubmit new forms that no physician finds such need. The record establishes that petitioner's attending physician has determined that petitioner is not currently in need of homemaker services. Thus the determination of the commissioner is supported by substantial evidence (see *Matter of Pell v Board of Educ., 34 NY2d 222, 230-231)*, and rests upon a reasonable basis in law *(Matter of Howard v Wyman, 28 NY2d 434, 438; Matter of Stork Rest. v Boland, 282 NY 256, 273-274)*. (Article 78 proceeding transferred by order of Erie Supreme Court.) Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.