■ In the Matter of THOMAS A. GALANTE & SON, INC., Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated October 18, 1979, which determined that petitioner terminated complainant's employment because of her sex in violation of the Human Rights Law and ordered that petitioner pay complainant the salary she would have earned if not terminated, less the appropriate deductions, and that petitioner offer her re-employment. One half of the petitioner corporation's employees were female and all employees were covered for nonjob related health problems, including pregnancy-related disabilities, when complainant was hired by petitioner as a worker in its paper mill on a 30-day probationary basis on August 15, 1977. On August 21, 1977 she was laid off, according to her foreman, because more regular employees were returning to work from sick leave than had been anticipated. Complainant contends that at the time of her layoff, she was led to believe that she would be called back, when in fact, they had no intention of calling her back because they had learned she was pregnant. When recall failed to occur, the complainant, on November 14, 1977, filed a complaint with the State Division of Human Rights (division) charging petitioner with a violation of section 296 (subd 1, par [a]) of the Executive Law. After a determination that probable cause existed, a hearing was held, subsequent to which petitioner was found to have discriminated against the complainant. This finding was affirmed by the State Human Rights Appeal Board (board) and the petitioner seeks annulment of that determination contending that it had absolutely no knowledge of the fact that complainant was pregnant. Judicial review of a determination made by an administrative agency such as the State Human Rights Appeal Board is limited to a consideration of whether that determination was supported by substantial evidence upon the whole record *(Matter of Holland v Edwards*, 307 NY 38, 44). If such be the case, we are directed by statute that it is conclusive and that order is not to be disturbed (Executive Law, § 298; *City*

of Schenectady v State Div. of Human Rights, 37 NY2d 421, 424). The complainant at bar has the burden of establishing by substantial evidence that the petitioner knew that the complainant was pregnant and that the sole reason the petitioner terminated her employment was due to that condition (see Matter of State Div. of Human Rights v Bystricky, 36 AD2d 278, affd 30 NY2d 322). The record reveals that the complainant did not undergo a pre-employment physical examination and, by her own admission she didn't "show" during the period in issue. On the question of the petitioner's knowledge of complainant's condition, the only evidence offered came from the complainant and a coworker. They testified to the effect that the complainant advised several of her fellow workers of her pregnancy, but, significantly, both testified that they had not told Mr. Morgan, the foreman, or Mr. Holoboski, the director of industrial relations, the only supervisory or management level personnel involved, that complainant was pregnant. The only hint of knowledge on the part of the petitioner was the testimony of the coworker who stated "everybody in the mill knew it." However, both De Marco, the coworker, and complainant conceded that, as far as they knew, neither Morgan nor Holoboski was within earshot when the subject was discussed. Thus, the only evidence that petitioner knew of the complainant's condition was this unfounded, unsupported and, thus, naked conclusion that "everybody knew." We are unable to conclude that this proof is "so substantial that from it an inference of the existence of a fact found may be drawn reasonably" (Matter of Stork Rest. v Boland, 282 NY 256, 273). Nor can we find that the relevant proof is such that a reasonable mind could accept it as adequate to support a conclusion or ultimate fact (New York State Labor Relations Bd. v Shattuck Co., 260 App Div 315). Substantial evidence is marked by its substance—its solid nature and ability to inspire confidence; it does not rise from bare surmise, conjecture, speculation or rumors (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176). We perceive no such substance in this record. Since fair review of the whole record fails to provide substantial evidence for the board's determination, it should be annulled. Petition granted, and determination annulled, without costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.