■ In the Matter of DEBORAH SCHULTZ, Appellant, v TONAWANDA HOUSING AUTHORITY et al., Respondents.—Judgment unanimously vacated, petition granted, without costs, and determination annulled. Memorandum: This proceeding pursuant to CPLR article 78 seeks judicial review of a determination made by respondent, Tonawanda Housing Authority Board of Review, to terminate petitioner's lease in a housing project operated by respondent, Tonawanda Housing Authority. Petitioner appeals from a judgment of Special Term which denied her

application for article 78 relief in all respects. Inasmuch as the petition asserted, *inter alia,* that respondents' determination was not supported by substantial evidence, Special Term had no jurisdiction to entertain the petition and should have transferred it to this court rather than dismissing it (CPLR 7803, subd 4; 7804, subd [g]; *Matter of Speller v State of New York Drug Abuse Control Comm.,* 67 AD2d 1079; *Matter of Tipon v Appeals Bd. of Admin. Adj. Bur., State of N. Y. Dept. of Motor Vehicles,* 52 AD2d 1065; *Matter of Zacchi v Savitt,* 46 AD2d 788). Special Term's judgment is, therefore, vacated and we treat the proceeding as though it were properly transferred *(Matter of Speller v State of New York Drug Abuse Control Comm., supra; Matter of Hammerl v Mavis,* 41 AD2d 724, affd 34 NY2d 579). Upon our review of the record, we do not find substantial evidence to support respondents' determination that petitioner had breached the terms of her lease agreement by permitting persons other than members of her family to "take up residence" in her apartment. At the mandated hearing (9 NYCRR 1627-7.3), respondents' evidence consisted of the testimony of two maintenance employees that at various times over a five-month period an unauthorized car was parked in the authority's parking lot and the male owner of said automobile was seen late one night at petitioner's apartment. Petitioner testified in her own behalf and denied that the individual was spending the night in her apartment. Substantial proof is marked by its substance—its solid nature and ability to inspire confidence; it does not rise from bare surmise, conjecture, speculation or rumors *(300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Galante & Son v State Div. of Human Rights,* 76 AD2d 1023, 1024). The record considered as a whole fails to provide substantial evidence for respondents' determination. We have reviewed petitioner's other arguments and find them to be without merit. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Dillon, P. J., Cardamone, Hancock, Jr., Callahan and Moule, JJ.