■ In the Matter of RUKUDZO MURAPA, Petitioner, v WĒRNER H. KRAMARSKY, as Commissioner of the New York State Division of Human Rights, et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated September 22, 1981, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint of an unlawful discriminatory practice. Petitioner, a black citizen of Rhodesia-Zimbabwe, filed a complaint with the State Division of Human Rights charging his employer, Cornell University, with an unlawful discriminatory practice in employment because of race, color and national origin. Subsequently, petitioner amended his complaint to allege retaliation in addition to the original charges. After conducting an investigation, the State Division of Human Rights dismissed petitioner's complaint, finding that there was no probable cause to credit the charges. Upon appeal, the State Human Rights Appeal Board affirmed and the instant proceeding ensued. After the State Division of Human Rights has conducted an investigation of a complaint, with full opportunity to the complainant to support his claim of discrimination, the division's determination of no probable cause and dismissal of the complaint may not be annulled by the appeal board or this court if it is supported by substantial evidence (*300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of McGrath v New York State Div. of Human Rights,* 52 AD2d 1027). A review of the record reveals that there is substantial evidence to support the determination of the State Division of Human Rights. Petitioner, despite being given a full and complete opportunity to present his case, failed to produce any evidence to support his contention of an unlawful discriminatory practice. Petitioner's basic allegation of discrimination is that he was appointed to the faculty of Cornell University on a 12-month contract while other faculty members held 9-month appointments. The record, however, reveals that all faculty members in the Africana Center, where petitioner was employed, held 12-month contracts. Moreover, documentary evidence indicates that petitioner received a salary approximately 30% greater than comparable faculty members holding 9-month appointments. Finally, the record contains no evidence of retaliation. In the absence of any evidence in the record indicating any form of discrimination, the determination of the State Human Rights Appeal Board must be confirmed (see *Matter of McGrath v New York State Div. of Human Rights, supra*). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.