■ In the Matter of FRED A. AUCHENPAUGH, Petitioner, v GENERAL ELECTRIC COMPANY, Respondent. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated August 5, 1982, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint of an unlawful discriminatory practice. Petitioner, in August, 1981, filed a complaint with the State Division of Human Rights alleging that he was then 60 years of age and charging respondent with an unlawful discriminatory practice relating to employment because of age. The State Division of Human Rights conducted an investigation and thereafter dismissed petitioner's complaint based on the finding that there was no probable cause to credit the charges. This decision was affirmed by the State Human Rights Appeal Board and the present proceeding ensued. Petitioner alleged in his complaint that he had been seeking employment with respondent for some seven years and was most recently rejected on May 6, 1981 when he was informed that another applicant had been selected for the job. Evidence was presented by respondent demonstrating that the applicant hired instead of petitioner was better qualified for the position and was in fact 50 years of age at the time. Concerning petitioner's argument that respondent's discriminatory practice was of a continuing nature due to its rejection of his past job applications, we would note that petitioner had the burden of proving by substantial evidence the truth of his allegations of unlawful discrimination (*Matter of McGrath v New York State Div. of Human Rights,* 52 AD2d 1027). In our view, he failed in this burden. The record as a whole reveals substantial evidence to support the determination of the division and, therefore, the decision of the appeal board affirming that determination will not be disturbed (*Matter of Campchero v General Elec. Broadcasting,* 88 AD2d 747). We also reject petitioner's contention that the division's investigation was inadequate (see *Matter of Taber v New York State Human Rights Appeal Bd.,* 64 AD2d 990, 991). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Mikoll and Weiss, JJ., concur.