■ In the Matter of JILL ARCHIBALD, Petitioner, v NORTH TONAWANDA HOUSING AUTHORITY et al., Respondents. [616 NYS2d 306] —Determination unanimously confirmed without costs and petition dismissed. Memorandum: Petitioner, in this

CPLR article 78 proceeding, seeks judicial review of a determination by respondent North Tonawanda Housing Authority Board of Review (Board) cancelling petitioner's lease in a housing project operated by respondent North Tonawanda Housing Authority (Housing Authority).

The Housing Authority's determination is supported by substantial evidence. The testimony of petitioner's neighbors adduced at the hearing established a rational basis for the Board's conclusion that petitioner had breached the Housing Authority's rules and regulations of tenancy. An " 'existence of the fact found may be drawn reasonably' " from the proof *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181, quoting *Matter of Stork Rest. v Boland,* 282 NY 256, 273; *cf., Matter of Schultz v Tonawanda Hous. Auth.,* 79 AD2d 843). We also reject the contention of petitioner that the Board's determination upholding the landlord's termination of her lease was arbitrary and capricious *(see generally, Matter of Pell v Board of Educ.,* 34 NY2d 222). There is no merit to petitioner's contention that the Board's determination was improperly based upon hearsay testimony. Hearsay testimony may be the basis of an administrative determination *(see, Matter of Gray v Adduci,* 73 NY2d 741, 742). (Article 78 Proceeding Transferred by Order of Supreme Court, Niagara County, Rath, Jr., J.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.